**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                        :
J & J SPORTS PRODUCTIONS, INC.,         :         CIVIL ACTION
                                        :
                    Plaintiff,          :
                                        :
          v.                            :         No.  13-6470
                                        :
CHARLES WEINER, et al.,                 :
                                        :
                    Defendants.         :
_____:

<u>**MEMORANDUM**</u>

**ROBERT F. KELLY, Sr. J.**                                **March 20, 2014**

      Presently before this Court are Defendants, Charles Weiner and 3348 Germantown

Ave.'s, individually filed "Request for Relief from Default Judgment under Federal Rule of Civil

Procedure 60 Seeking Opening of Judgment Permitting Defendants to File a Response to

Plaintiffs Complaint," and, Plaintiff, J & J Sports Productions Inc.'s, Response in Opposition to

Defendants' Motions.[1]  For the following reasons, Defendants' Requests are denied.

**I.       BACKGROUND**

      ***The Parties***

      Plaintiff J & J Sports Productions, Inc. ("Plaintiff") is a corporation organized under the

laws of California with its principal place of business located in Campbell, California.  Compl.

¶ 6.  Defendant Charles Weiner ("Defendant Weiner") is an officer of Defendant 3348

Germantown Ave., Inc. ("Defendant 3348 Germantown").  <u>Id.</u> ¶ 7.  Defendant 3348 Germantown

owns and operates the commercial establishment doing business as Kokamo's, which is located

_____

[1]The individual Defendants filed separate Requests.  <u>See</u> Doc. Nos. 6 & 7.  As these documents
are identical, we treat them as one Request for the sake of clarity and efficiency in this Opinion.

at 3344-48 Germantown Avenue in Philadelphia, Pennsylvania.  Id.  Defendant Weiner is

specifically identified on the Pennsylvania Liquor Control Board license issued to Kokamo's.  Id.

¶ 8.

### The Litigation

Plaintiff entered into a contract granting it the exclusive nationwide commercial

distribution rights to the *Manny Pacquiao v. Juan Manuel Marquez, WBO Welterweight

Championship Fight Program* (the "Fight"), telecasted nationwide on Saturday, November 12,

2011.  Id. ¶ 16.  Through additional contracts, Plaintiff entered into sub-licensing agreements

with various commercial entities throughout North America, including entities within the State of

Pennsylvania, by which it granted these entities limited sub-licensing rights to publicly exhibit

the Fight within their respective bars, taverns, restaurants, and other establishments.  Id. ¶ 17.

On November 6, 2013, Plaintiff filed suit in the Eastern District of Pennsylvania against

Defendant Weiner and Defendant 3348 Germantown (collectively, "Defendants") alleging that

Defendants, at the behest of Defendant Weiner and without Plaintiff's authorization, unlawfully

intercepted and exhibited the Fight at Kokamo's on the night of November 12, 2011.  Id. ¶¶ 7,

10, 11.  Specifically, Plaintiff alleges these actions violated the Communications Act of 1934

(47 U.S.C. § 605, *et seq.*), the Cable & Television Consumer Protection and Competition Act of

1992 (47 U.S.C. § 553, *et seq.*), and amount to unlawful conversion.  Id. ¶¶ 22, 27, 31.

### Issues Related to Service of Process

The parties disagree as to whether service of process was properly effectuated on

Defendants.  On January 17, 2014, Plaintiff filed two Declarations of Service, one for each

Defendant, attesting to the fact that Plaintiff's process server, D'Wayne Henriksson (the "process

2

server"), served both Defendants by substitute service on January 6, 2014. (See Dec. of Serv. (Docs. 3 & 4)).  These Declarations were later rehashed in greater detail in an Affidavit signed by the process server and included with Plaintiff's Response in Opposition. (See Pl.'s Resp. in Opps'n, Ex. 2).  In these documents, the process server avers the following facts under penalty of perjury.  Id.  The process server attempted to serve process on Defendants at Kokamo's on several dates prior to effectuating service.[2]  (See Decl. of Serv. (Docs. 3 & 4)).  On January 6, 2014, at 1:28 p.m., the process server entered Kokamo's, and encountered two men, one of whom who identified himself as Lamont. (See Pl.'s Resp. in Opps'n, Ex. 2 ¶ 7).  Lamont declared that he was the manager of Kokamo's, but refused to give his full name.[3]  (Id.)  After Lamont stated that Defendant Weiner was not present in the establishment, the process server left the Complaint with Lamont and instructed Lamont to deliver the documents to Defendant Weiner. (Id. ¶ 9.)  After twenty-five days passed with Defendants failing to appear, plead or otherwise defend, Plaintiff filed a Request for the Entry of Default Judgment against each Defendant with the Clerk of Court. (See Doc. 5).  The Clerk entered the default on January 31, 2014.

On February 4, 2014, Defendant Weiner and Defendant 3348 Germantown Ave. filed

---

[2]The process server attempted to serve Defendants on December 20, 2013, at 5:30 p.m., December 30, 2013, at 4:02 p.m., and January 4, 2014, at 8:15 p.m.  See Decl. of Serv. (Docs. 3 & 4).  However, each time the business was closed and no hours of operation were posted outside.  Id.

[3]Originally, the Declarations of Service described Lamont as being a thirty-five year old, black female, who was six feet three inches tall, and weighed one hundred and ninety-five pounds.  See Decls. of Serv. (Docs. 3 & 4).  However, Plaintiff submitted amended Declarations of Service stating that Lamont was a male and attributing the discrepancy to a typographical error.  See Pl.'s Resp. in Opps'n, Ex. 2 ¶ 3; Decls. of Serv. (Docs. 10 & 11).

individual Requests for Relief under Federal Rule of Civil Procedure 60(b).[4] (See Docs. 6 & 7).

In these Requests, Defendants deny receiving proper service of process.  See Defs.' Request for

Relief from Default J. ¶¶ 18, 20.  In doing so, Defendants contest the process server's testimony

by specifically denying that anyone named Lamont, or that any person matching the physical

description of Lamont, works or had worked at Kokamo's.  Id.

 Plaintiff filed a Response in Opposition to Defendants' Requests on February 21, 2014.

See Doc. 9.  Three days later, Plaintiff filed Amended Declarations of Service in order to correct

the typographical errors mentioned previously.  See Docs. 10 & 11.

## II. STANDARD OF LAW

 Where a final judgment or order has been entered in a case, Rule 60(b) of the Federal

Rules of Civil Procedure provides a limited avenue of relief based on any of the following

reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud, misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void; (5) the judgment has been satisfied,
> released or discharged; it is based on an earlier judgment that has
> been reversed or vacated; or applying it prospectively is no longer
> equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

 "The decision to grant or deny relief pursuant to Rule 60(b) lies in the sound discretion of

the trial court guided by accepted legal principles applied in light of all the relevant

---

[4]As a preliminary matter, Defendants have styled their submissions as Requests for Relief from Default Judgment, but no default judgment has been entered.  Accordingly, we will treat the Request as a Request to Set Aside the Entries of Default.

circumstances." <u>Ross v. Meagan</u>, 638 F.2d 646, 648 (3d Cir. 1981), *overruled on grounds not relevant here by* <u>Roman v. Jeffes</u>, 904 F.2d 192, 195 n.4 (3d Cir. 1990).  The jurisprudence in this circuit clearly reflects that relief under Rule 60(b) is available only in rare and extraordinary circumstances.  <u>See</u> <u>Bierley v. Shimek</u>, 153 F. App'x 87, 88–89 (3d Cir. 2005); <u>Moolenaar v. Gov't of the Virgin Islands</u>, 822 F.2d 1342, 1346-47 (3d Cir. 1987).  The Rule "does not confer upon the district courts a standardless residual of discretionary power to set aside judgments." <u>Moolenaar</u>, 822 F.2d at 1346.  Relief should be afforded only where the "overriding interest in the finality and repose of judgments may properly be overcome." <u>Harris v. Martin</u>, 834 F.2d 361, 364 (3d Cir. 1987) (quoting <u>Martinez–McBean v. Gov't of the Virgin Islands</u>, 562 F.2d 908, 913 (3d Cir. 1977)).  Thus, "the remedy provided by Rule 60(b) is extraordinary, and [only] special circumstances may justify granting relief under it." 822 F.2d at 1346.

## III.   DISCUSSION

The legal basis set forth by Defendants in support of their Requests can be described, at best as sparse, and, at worst, as legally deficient.  Defendants' Request for Relief from Default Judgment relies solely on Rule 60.  Specifically, Defendants argue relief is warranted for the following reasons: (a) assuming *arguendo* that Lamont was served, Lamont's failure to forward the Complaint to Defendants, which effectively prevented Defendants from responding, constitutes mistake, inadvertence, surprise, and/or excusable neglect under Rule 60(b)(1); (b) since there is no such person as Lamont or any other manager as described in the Proofs of Service, the third party process server committed fraud, misrepresentation or misconduct under Rule 60(b)(3) by stating that he served Lamont with the Complaint; (c) service is defective as there is no such person as Lamont thereby destroying this Court's personal jurisdiction over

Defendants and voiding the entrance of default under Rule 60(b)(4); and, (d) the short time period between the alleged service, entrance of the default and Defendants' current Requests justifies relief under Rule 60(b)(6).  See Defs.' Request for Relief from Default J. ¶ 20.

We find that this lone paragraph, which acts as the entire legal basis for the Requests, is woefully insufficient.  See e.g. Copenhaver v. Borough of Bernville, 2003 U.S. Dist. LEXIS 1315, at *4 n.1 (E.D. Pa. Jan. 9, 2003); Fin., LLC v. Hutchinson, 2010 WL 3791481, at *4 (E.D. Pa. Sept. 24, 2010) (denying summary judgment after finding that "defendants' mere citation of the statute of frauds without any meaningful discussion of its applicability and without citing other authority in support of its argument . . . is insufficient under Local Rule 7.1(c).").  "Fully developed legal argument, citation to legal authority, and discussion of the relevant facts aid this Court in performing its duty, and ultimately in serving the ends of justice.  Any brief . . . that is lacking even a modicum of these elements is woefully insufficient and inexcusable."  Id.

Here, our ability to decide Defendants' Requests for Relief have been hampered by Defendants' failure to develop sufficient legal arguments that apply the relevant facts and are supported by ample citation to legal authority.  Instead, we are faced with conclusory arguments couched in threadbare recitals of Rule 60.  As the Court of Appeals for the Third Circuit ("Third Circuit") stated in United States v. $55,518.05 in U.S. Currency, 728 F.2d 192 (3d Cir. 1984), "if we allow the setting aside of a default judgment on the mere recitation of the relevant statutory language or a phrase in the Federal Rules of Civil Procedure, then we will be establishing a new right to automatically set aside any default judgment if counsel is diligent enough to quote the applicable statute or rule of civil procedure."  Id. at 196.  Accordingly, we deny Defendants' Requests holding that they are insufficient.  Id.

6

Notwithstanding this finding, we believe the interests of justice warrant further examination.  Thus, we proceed to analyze Defendants' Rule 60 arguments.

### A.      Rule 60(b)(1):  Mistake, Inadvertence, Surprise and/or Excusable Neglect

Defendants submit that, assuming *arguendo* Lamont was served, relief is warranted because Lamont's failure to forward the Complaint to Defendants, which prevented Defendants from responding, constitutes mistake, inadvertence, surprise, and/or excusable neglect under Rule 60(b)(1).  See Defs.' Request for Relief from Default J. ¶ 20.  Defendants' argument is deficient for two reasons.  First, we note that Defendants do not delineate which of the four situations is present here; nor, do Defendants set forth any legal argument or analysis in support of their broad claim.  Second, it has been a long established practice that in ruling on a motion to set aside a default under Rule 60(b)(1), the district court must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and, (3) whether the default was the result of the defendant's culpable conduct.  In re Subramanian, 245 F. App'x 111, 115 (3d Cir. 2007) (quoting Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1984)).  Here, Defendants have neglected to even mention these factors, let alone, apply the requisite standard.  Failure to satisfy these factors precludes the ability of Defendants to utilize this Rule.  See In re Subramanian, 245 F. App'x 111 at 117 (affirming the denial of motion to vacate because party failed to assert a meritorious defense); U.S. v. Moya, 118 F. App'x 666, 668 (3d Cir. 1995) (relief under Rule 60(b)(1) is precluded where party failed to raise a meritorious defense).

### B.      Rule 60(b)(3):  Misrepresentations and Misconduct

Defendants' Rule 60(b)(3) argument is premised on its belief that there is no such person

as Lamont that works at Kokamo's.  Defendants contend that, in light of this fact, the process server committed misrepresentation and misconduct by lying about effectuating substitute service, and relief from default is warranted.  However, to garner relief under this provision, Defendants must produce "clear and convincing" evidence to prove fraud, misrepresentation or misconduct by Plaintiff.  Floorgraphics Inc. v. News America Marketing In-Store Servs., Inc., 434 F. App'x 109, 111 (3d Cir. 2011) (quoting Brown v. Pennsylvania Railroad Co., 282 F.2d 522, 527 (3d Cir. 1960)).  Defendants have failed to provide this quantum of proof.  Defendants offer only the uncorroborated statement of Defendant Weiner averring that Kokamo's would not have been open at the time of the alleged service of process and that no person named Lamont or matching the physical description of Lamont worked as a manager of the establishment.  This self-serving statement fails to qualify as the "clear and convincing" evidence necessary to sustain a motion based on Rule 60(b)(3).  Floorgraphics, 434 F. App'x at 111.  Even taken as true, Defendant Weiner stated that he had not visited Kokamo's since April 2013, which was over eight months prior to the service of process.  See Defs.' Request for Relief from Default J. Ex. A. In light of this passage of time, the reliability of Defendant Weiner's statement as to the operating hours of Kokamo's and the identities of its workforce is called into doubt.  For these reasons, relief under Rule 60(b)(3) is not justified.

**C.**      **Fed. R. Civ. P. 60(b)(4):  Service of Process**

The proper service of process is an "indispensable prerequisite to personal jurisdiction over a party." Zokaites Properties, LP, v. La Mesa Racing, LLC, No. 11-259, 2012 WL 6015818, at *2 (W.D. Pa. Dec. 3, 2012) (citing Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d Cir. 1991)).  Where service of a complaint is improper, a default judgment "is void and should be set

8

aside." <u>Petrucelli v. Bohringer and Ratzinger, GMBH</u>, 46 F.3d 1298, 1303–04 (3d Cir. 1995) (citing <u>Gold Kist</u>, 756 F.2d at 19)).

The burden rests on the party asserting the validity of service to prove its sufficiency. <u>State Farm Mut., Auto. Ins. Co. v. Tz'Doko V'Chesed of Klausenberg</u>, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008) (citing <u>Grand Entm't Group, Ltd. v. Star Media Sales, Inc.</u>, 988 F.2d 476, 488 (3d Cir. 1993)). Here, Plaintiff relies upon the sworn affidavit of a private process server as evidence that service was effectuated. <u>See</u> Pl.'s Answer in Opp'n to Defs.' Request for Relief from Default J. Ex. 2. Though the Third Circuit has not considered the effect of a return of service executed by a private process server, the District Courts have grappled with the issue.[5] In <u>FROF, Inc. v. Harris</u>, 695 F. Supp. 827, 829 (E.D. Pa. 1988), the Court delineated two possible options: treat the return of service as irrefutable evidence of proper service or adopt a "more moderate rule," which considers the return of service as a rebuttable presumption in favor of proper service. <u>FROF</u>, 695 F.Supp. at 829 (holding that service of process was proper under either option). In the aftermath of <u>FROF</u>, "courts in this district have concluded that a return of service by a private process server creates a rebuttable presumption that proper service was effectuated." <u>Susquehanna Commercial Finance, Inc. v. French</u>, No. 10-7481, 2011 WL 1743503, at *3 (E.D. Pa. May 5, 2011) (quoting <u>Lautman v. Loewen Grp., Inc.</u>, No. 99-75, 2000 WL 772818, at *10 (E.D. Pa. June 15, 2000)); <u>Closeout Grp.!, Inc. v. Venator Elecs. Sales & Serv., Ltd.</u>, No. 07-5292, 2009 WL 2431448, at *3 (E.D. Pa. Aug. 6, 2009).

The Federal Rules of Civil Procedure permit service of process to be effectuated by

---

[5]However, the Third Circuit noted that more weight is to be given to the sworn affidavit of a disinterested third party. <u>See</u> <u>In re Graves</u>, 33 F.3d 242, 251 n.16 (3d Cir. 1994) (court granted weight to an objective indication that process had been served).

"following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Here, Plaintiff asserts it satisfied the rules of Pennsylvania regarding service of process by serving Lamont, who identified himself as the manager of Kokamo's. Plaintiff's method of service was permissible as Pennsylvania allows substitute service, "by handing a copy . . . at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. R. Civ. P. 402(a)(2)(iii). In Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 486 (3d Cir. 1993), the Third Circuit defined "person for the time being in charge thereof" as "one whom the process server determines to be authorized, on the basis of (his) representation of authority." Id. Lamont's assertion that he was in fact the manager of the business served to qualify him for substitute service. Id. Furthermore, Plaintiff's process server's handing of the documents to Lamont constituted effective service of the corporation. See Pa. R. Civ. P. 424(2) (allowing for service of a corporation by handing a copy to the manager of the business). In light of the Return of Service submitted by Plaintiff, we find that a presumption exists in favor of proper service, which Defendants have failed to rebut.

Defendants aver that service was defective because Defendant Weiner never received a copy of the Complaint as "there is no 6'3", 195 lb black female manager named Lamont Doe." Defs.' Request for Relief from Default J. ¶¶ 18, 20. This contention, is supported only by the bare assertion of Defendant Weiner. Id. Ex. A. However, "a bare allegation by a defendant that he was improperly served cannot be allowed to belie the private process server's return. Such a holding would overwhelm the clerk's office with these claims." FROF, 695 F. Supp. at 829; see also Lautman, 2000 WL 772818, at *10 (finding an assertion unsupported by any corroborating

evidence is insufficient to rebut the proper service of process by a process server); USPower

Climate Control, Inc. v. White, No. 93-6663, 1994 WL 386341, at *2 (E.D. Pa. July 22, 1994)

(finding defendant's allegation that process server merely left complaint in front of home not

sufficient to overcome return of service filed with court); Constitution Bank v. Painewebber Inc.,

No. 91-5175, 1992 WL 50103, at *3 (E.D. Pa. Feb. 28, 1992) (holding that affidavits of daughter,

secretary and defendant not enough to rebut evidence of proper service).

We are thus faced with a battle of affidavits attesting for and against proper service of

process.  Plaintiff's inclusion of the return of service by the private process server created a

rebuttable presumption that proper service was effectuated.  Defendants' complete failure to

provide any corroborating evidence to support the self-serving declaration of Defendant Weiner

prevents the relief from default requested.  See FROF, 695 F. Supp. at 829 (stating a bare

allegation of improper service cannot rebut the private process servers return) compare with

Ramada Worldwide, Inc. v. Krupa, LLC, No. 07-2726, 2013 WL 1903295, at *3 (D.N.J. Apr. 17,

2013) (finding that the extensive amount of corroborating, documentary evidence that proved

defendant did not inhabit the residence where service was effectuated was enough to rebut

evidence of proper service).

> ### D.    Rule 60(b)(6):  Any Other Reason that Justifies Relief

Rule 60(b)(6) acts a "catch-all provision" whose purpose is to vacate judgment.  Budget

Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).  However, it is rarely invoked as

"[R]elief under Rule 60(b)(6) may only be granted under extraordinary circumstances where,

without such relief, an extreme and unexpected hardship would occur."  Sawka v. Healtheast,

Inc., 989 F.2d 138, 140 (3d Cir. 1993); see also Budget Blinds, Inc., 536 F.3d at 251.

Defendants' raise two arguments in an attempt to invoke Rule 60(b)(6). Defendants first contend that, though Plaintiff was aware that Defendants were represented by Lori J. Hahn Maslin, Esq. ("Maslin"), Plaintiff failed to provide any documents other than the Request to Enter Default to Maslin.[6] This conclusory argument lacks any legal basis as Plaintiff complied with the requirements set forth in the Federal and Pennsylvania Rules of Civil Procedure for the effective service of process by serving Lamont. See Fed. R. Civ. P. 4(e)(1); Pa. R. Civ. P. 402(a)(2)(iii); Pa. R. Civ. P. 424(2); see also Grand Ent't Grp., 988 F.2d at 486 (defining "person for the time being in charge"). Furthermore, we are again puzzled at the complete neglect shown by Defendants in presenting this argument without any supporting legal precedent or further analysis. Essentially, Defendants skeletal argument is not sufficient to warrant relief.

Defendants next argue that relief is justified because Plaintiff filed the request for default "a mere 25 days following alleged service," and because Defendants filed the current motion "only 4 days" after the entrance of default. See Defs.' Request for Relief from Default J. ¶ 20. The timing requirements of the Federal Rules instruct that this argument is equally without legal merit. Defendants were required to serve a responsive pleading within twenty-one days of receiving the Complaint, which in this case occurred by substitute service to Lamont. See Fed. R. Civ. P. 12(a)(1)(A). Thus, upon Defendants failure to respond after the culmination of this period, Plaintiff's Request for Default was properly filed. Id.; see also Fed. R. Civ. P. 55. In this case, default is not "an extreme or unexpected hardship;" rather, it is the exact result the Federal Rules of Civil Procedure prescribe when a defendant fails to file an answer or responsive

---

[6]Defendants have submitted the Affidavit of Maslin attesting to these facts. See Defs.' Request for Relief from Default J. Ex. B.

pleading.  See Fed. R. Civ. P. 55 (mandating when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default).  Consequently, we do not view Defendants' situation, as set forth by Defendants, as an "extraordinary circumstance" where "an extreme and unexpected hardship would occur," without our intervention.  Sawka, 989 F.2d at 140.

## IV.    CONCLUSION

"The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978).  Because parties have a strong interest in the finality of judgments, the Third Circuit has "cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances."  Id.  Here, Defendants have failed to show that this is an "extraordinary case" warranting the relief requested.  Bierley, 153 F. App'x at 88-89.  On the contrary, we find Defendants' Requests to be woefully insufficient, and are perplexed by Defendants' broad invocation of Rule 60 without supporting their position with any legal basis.  "Rules governing the timing of pleadings and the entry of default are essential to the efficient and orderly operation of the judicial system and to the swift and just resolution of claims for the parties involved."  Nespoli v. Phila. Housing Auth., No. 95-5790, 1996 WL 65475, at *3 (E.D. Pa. Feb. 14, 1996).  Permitting default to be set aside based upon a defendant's threadbare recital of Rule 60 would severely impinge upon the ability of default to work towards this end.  See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 196 (3d Cir. 1984).  Accordingly, we deny Defendants' Requests for Relief.

13

An appropriate Order follows.